IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER STEVENS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4941 |
| | : | |
| NORTHAMPTON COUNTY PRISON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM

**BARTLE, J.**                                                             **FEBRUARY 14, 2022**

Plaintiff Christopher Stevens, a pretrial detainee currently incarcerated at Northampton County Prison, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 2.) Stevens has also filed a Motion for Leave to Proceed *in Forma Pauperis* together with an inmate account statement. (ECF Nos. 1, 3.) For the following reasons, Stevens will be granted leave to proceed *in forma pauperis,* his federal claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Stevens will be granted leave to file an amended complaint.

**I.**        **FACTUAL ALLEGATIONS**[1]

Stevens alleges that on October 24, 2021, while incarcerated at Northampton County Prison, he was injured when Defendant Raftery, a "high risk maximum level custody inmate," hit Stevens in the face with a drinking cup, causing a cut that required astitch to repair. (ECF No. 2 at 4.) In a "Voluntary Written Statement" attached as an Exhibit to the Complaint, Stevens

---

[1] The allegations set forth in this Memorandum are taken from Stevens's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

alleges that that Defendant Raftery should never have been housed with him because Raftery is a maximum security inmate and Stevens and his cellmate were minimum custody. (ECF No. 2-1 at 1.) Stevens requests as relief the ability to sue both named Defendants. (ECF No. 2 at 5.)

## II.  STANDARD OF REVIEW

Because Stevens appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the] *pro se* complaint as true,' 'draw all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Stevens is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Because Stevens is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

## III. DISCUSSION

Construed liberally, the Court understands Stevens to be asserting a claim based on the decision to house him in a cell with a maximum security inmate. The vehicle by which federal constitutional claims may be brought in federal court is § 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.     Claim Against Northampton County Prison

Stevens's § 1983 claim against Northampton County Prison is dismissed for failure to state a claim because Northampton County Prison is not a "person" under § 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *see also Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). No leave to amend will be given for this claim because this defect cannot be cured.

### B.     Claim Based on Failure to Protect

Stevens's constitutional claims also fail on the merits. The Court understands Stevens to be claiming that he was housed with an inappropriate cellmate and was injured as a result. The

Court construes this to be a claim alleging prison officials' failure to protect Stevens from inmate Joshua Raftery.

The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To properly allege a failure to protect claim, an inmate must plausibly allege that he is "incarcerated under conditions posing a substantial risk of serious harm" and that prison officials acted with "'deliberate indifference' to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Paulino v. Burlington Cty. Jail*, 438 F. App'x 106 (3d Cir. 2011) (*per curiam*) (applying "deliberate indifference" standard to failure to protect claim raised by pretrial detainee); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees."). To act with deliberate indifference "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Court notes that merely being housed with a maximum security inmate is insufficient to allege a plausible constitutional claim. *See Williams v. Dela. Cty. Bd. of Prison Inspectors*, 844 F. App'x. 469, 475 (3d Cir. 2021) (citing *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) (finding that even "the risk that 'an inmate with a history of violence might attack another inmate for an unknown reason' was too speculative to state a claim of deliberate indifference by prison officials)). Stevens alleges little more in his Complaint. Moreover, he has not identified any prison official who had personal involvement in the decision to house Stevens with Raftery or any of the circumstances surrounding that decision. However, because the Court cannot

determine if Stevens can cure these deficiencies and state a plausible claim against an appropriate individual defendant, he will be permitted to amend his claim.

### C. State Law Claims

Raftery, an inmate, is not a state actor and therefore not a proper defendant in a § 1983 action. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011). Stevens's claim against him will be dismissed with prejudice. However, Stevens's allegations can be liberally construed as state law tort claims. Because the Court has dismissed his federal claim, the Court will decline to exercise supplemental jurisdiction over any of Stevens's possible state law claims pursuant to 28 U.S.C. § 1367(c). Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit*, 800 F.3d at 104 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143

5

(3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Stevens does not allege the citizenship of the parties, and the only address he provides for any party is Northampton County Prison. Accordingly, Stevens has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. Therefore, they will be dismissed. Stevens may reallege any state law claims should they meet the requirement for diversity jurisdiction pursuant to § 1332(a) if he chooses to file an amended complaint in this Court, or he may pursue his state law claims in another appropriate forum.

## IV. CONCLUSION

For the reasons stated, Stevens's application for leave to proceed *in forma pauperis* will be granted. Stevens's claims against Northampton County Prison and his § 1983 claim against Joshua Raftery will be dismissed with prejudice. Stevens's Complaint will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). His state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Stevens will be granted leave to file an amended complaint. An appropriate Order follows.